## Commonwealth v. Gwinner

*John J. Kevlock, Assistant District Attorney,* for Commonwealth.
*Burton Spear,* for defendant.

RUFE, *J.*, April 25, 1980—Defendant in the above case was charged with retail theft and receiving stolen property. Defendant filed notice of an alibi defense naming the necessary alibi witness. After receiving that notice the district attorney's office notified the prosecuting police officers who then interviewed that alibi witness, whereupon defendant filed a motion to dismiss the charges alleging, in effect, prosecutorial misconduct in the conducting of the interview. This court, after hearing, sustained the motion and dismissed the charges. The Commonwealth has appealed and this opinion is filed pursuant to Pa.R.A.P. 1925.

During the interview of the alibi witness the police quite appropriately inquired into the nature of his testimony which pertained to employment time cards covering the period defendant was alleged to have committed the charged crimes. The alibi witness, who was responsible for maintaining defendant's time cards, testified that the cards showed defendant to have been working at the time of the crime and that he had no doubt at all that defendant was on the job when the crime was committed.

Thereafter, during the same interview, the prosecuting officers informed the alibi witness that defendant had a prior criminal record including more than one prior charge of retail theft and an offense indicating defendant "needed psychiatric help." The alibi witness had no idea that defendant had a prior criminal record, and that information, supplied by the prosecuting officers, raised doubts in the alibi witness' mind about defendant in general and about defendant's presence at work at the crucial time in particular.

At the argument on the motion we asked the as-

sistant district attorney what possible legitimate purpose the prosecuting officers might have had in informing the alibi witness of defendant's prior criminal record other than to prejudice him against defendant. The assistant district attorney quite candidly admitted that he could think of none. Nor can we.

It is well established that the prosecuting attorney has a duty to act impartially and present his case fairly, without appealing to prejudices, Com. v. Toth, 455 Pa. 154, 314 A. 2d 275 (1974), and that he should be motivated by a desire to accomplish justice rather than by inordinate zeal to obtain convictions: Com. v. Palermo, 368 Pa. 28, 81 A. 2d 540 (1951). Thus, it would be improper for a prosecuting attorney to prejudice a defendant by seeking to adversely influence a defense witness. This impropriety, we believe, extends as well to the prosecuting police officers.

The question then becomes one of determining the appropriate sanction. No case similar to this was referred to us, nor were we able to find one. However, we do know that prophylactic rules have developed in other areas to discourage improper police conduct: an improperly obtained statement or improperly seized evidence is suppressed, and improper arrests or improper delays in bringing a defendant to trial may result in dismissal of the charges. Here a key defense witness is improperly prejudiced by prosecuting officers. The court is powerless to rectify the damage. A defense witness who was prepared to testify forthrightly and with confidence and assurance has now been nullified so that his testimony will lack those qualities, and may now betray traces of equivocation or uncertainty purely as a result of the doubt improperly

planted by the prosecuting police officers. We believe dismissal of the charges to be the only appropriate remedy under the circumstances.